# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**LANCE HARTMAN,**

    **Plaintiff,**

**vs.**                                            **Case No. 4:16cv721-MW/CAS**

**JULIE L. JONES,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case in November 2016 by filing a notice of intent to sue. ECF No. 1. Plaintiff filed a complaint in December 2016, ECF No. 4, and was granted leave to proceed in forma pauperis. ECF Nos. 5, 6, and 10. Service was directed, ECF No. 12, and Defendant Jones, the Secretary of the Florida Department of Corrections, filed a motion to dismiss. ECF No. 16. Plaintiff was advised of his obligation to file a response in opposition to the motion, ECF No. 17, and his response was timely filed. ECF No. 18.

**Allegations of the Complaint, ECF No. 4**

Plaintiff is a prisoner who is housed at Liberty Correctional Institution. ECF No. 4 at 1. Plaintiff was diagnosed with Chronic Obstructive Sleep Apnea Disease in 2001, prior to his incarceration. *Id.* at 3. His treatment for that condition includes "the use of a 'CPAP' breathing-assistance machine . . . ." *Id.* at 4. Plaintiff has used his own personal CPAP machine since he began his incarceration and Department of Corrections' medical staff provide Plaintiff with regular supplies. *Id.* The machine requires an electrical outlet for power and Plaintiff alleged that he "has always been assigned a bunk adjacent to an electrical outlet for [that] specific purpose." *Id.* at 4-5. However, Plaintiff alleged that he "cannot nap or sleep at all without his CPAP machine without exposure to the serious medical risks involved." *Id.* at 5. Plaintiff alleged that on several occasions, dormitory staff "have turned off the power" to his machine "both during normal sleeping hours and during naps." *Id.* at 6. He woke up choking and gagging. *Id.*

Plaintiff asserted claims under the Rehabilitation Act and the Equal Protection Clause. ECF No. 4 at 1-2. Plaintiff claimed he "is being discriminated against by not being allowed to use his approved medical

device at all times while sleeping, even for a nap while all other inmates in the dorm are permitted to do so." *Id.* at 6.  Plaintiff alleged that officers at Liberty C.I. have created and imposed "local institutional rules" which are unlawful.[1]  *Id.* at 6-7, 9-11.  He alleged that staff operate under a local, institutional manual which "should immediately be rescinded by Order of this Court." *Id.* at 9.  Plaintiff further alleged that his equal protection rights were violated "when he has repeatedly been prohibited from (1) being placed adjacent to a <u>working</u> electrical power outlet when inmates with similar medical needs and CPAP machines have not had the power to their machines turned off; and (2) when any an all other inmates have been permitted to rest/nap during the day . . . while the Plaintiff has been repeatedly prohibited from doing so due to the absence of electrical power to his CPAP breathing machine; and" (3) the denial of "the use of his required medical equipment under the guise of illegal 'local institutional rules' and 'security concerns' that are not in place or applied to inmates

---

[1] Plaintiff quoted from FLA. ADMIN. CODE R. 33-101.001(3), ECF No. 4 at 9; however, that is not a valid rule.  Judicial notice is that the Rules applicable to the Department of Corrections begin with Rule 33-102.  In his response, Plaintiff clarifies that the Florida Administrative Rule that he had cited was a typographical error and should be F.D.C. Procedure Manual 100.001(e).  ECF No. 18 at 3.

Case No. 4:16cv721-MW/CAS

with similar medical conditions and equipment at other institutions within the Florida Department of Corrections." *Id.* at 11-12.

Plaintiff seeks injunctive relief, requiring the Department to: (1) cease the use of local institutional procedural manuals, (2) ensure that inmates who need electrical power have it adjacent to their bunks at all times (including use of backup emergency generator), (3) ensure inmate records of special disabilities and related needs are available to appropriate staff, and (4) ensure inmates with special disabilities have equal opportunities to participate in inmate programs and privileges in the same manner as non-disabled inmates. *Id.* at 12-13.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."

Page 5 of 16

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).[2]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 677 (citing Twombly, 550 U.S. at 556); *see also* Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th Cir. 2010).  "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 556).  A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility."  Iqbal, 129 556 U.S. at 677 (quoting Twombly, 550 U.S. at 557).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests.  Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified

---

[2] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations."  Twombly, 127 S.Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

pleading standard applies to all civil actions, with limited exceptions."). Pro se complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)). Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005) (quoted in Twombly, 550 U.S. at 558). The requirements of Rule 8 do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1949. A complaint does not need detailed factual allegations to survive a motion to dismiss, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully- harmed-me accusation." 556 U.S. at 678, 129 S.Ct. at 1949. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). Thus, "conclusory allegations, unwarranted factual deductions or legal

conclusions masquerading as facts will not prevent dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).

**Motion to Dismiss, ECF No. 16**

### A. Official Capacity Claims

Defendant Jones asserts Eleventh Amendment immunity as a defense and contends that Plaintiff's "claim against Defendant for damages in her Official Capacity should be dismissed." ECF No. 16 at 6-7. Absent limited exceptions, the State of Florida and its agencies are immune from suit in this Court by force of the Eleventh Amendment. Carr v. City of Florence, Ala., 916 F.2d 1521, 1524 (11th Cir. 1990); *see also* Kentucky v. Graham, 473 U.S. 159, 169, 105 S.Ct. 3099, 3107, 87 L.Ed.2d 114 (1985) (reiterating that "absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court."). That "bar remains in effect when State officials are sued for damages in their official capacity." Kentucky, 473 U.S. at 169, 105 S.Ct. at 3107; *see also* Odebrecht Const., Inc. v. Secretary, Fla. Dep't of Transp., 715 F.3d 1268, 1289 (11th Cir. 2013) (same).

Thus, a suit under § 1983 against a state official sued in her official capacity is barred unless it meets one of three exceptions. The first two

Case No. 4:16cv721-MW/CAS

exceptions are through a waiver of sovereign immunity. See Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238, 105 S.Ct. 3142, 87 L. Ed. 2d 171 (1985); Gamble v. Florida Dep't of Health and Rehab. Servs., 779 F.2d 1509 (11th Cir. 1986). Waiver may be either by the State or Congress may override a state's immunity pursuant to its power under § 5 of the Fourteenth Amendment. Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank, 527 U.S. 627, 119 S.Ct. 2199, 2205-06, 144 L. Ed. 2d 575 (1999); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 55, 116 S. Ct. 1114, 1124, 134 L. Ed. 2d 252 (1996) (concluding "that the type of relief sought is irrelevant to whether Congress has power to abrogate States' immunity."). In enacting § 1983, Congress did not abrogate a state's immunity, Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 59 L. Ed. 2d 358 (1979); Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L. Ed. 2d 662 (1974), nor did Florida waive its Eleventh Amendment sovereign immunity and consented to suit in federal court under § 1983. Gamble, 779 F.2d at 1520; see ECF No. 16 at 6.

The third exception is through Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L. Ed. 714 (1908). See Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 269, 117 S.Ct. 2028, 138 L. Ed. 2d 438 (1997)

(reaffirming that prospective relief may be sought against a state official in federal court); Sandoval v. Hagan, 197 F.3d 484, 492 (11th Cir. 1999) (citing Summit Med. Assoc. v. Pryor, 180 F.3d 1326, 1336-38 (11th Cir. 1999).  Here, Plaintiff seeks prospective injunctive relief only; he did not request monetary damages.  ECF No. 4 at 12-13; ECF No. 18 at 1-2.  The Eleventh Amendment does not bar these claims.  The motion to dismiss should be denied as to this argument.  Additionally, in light of this conclusion, there is no need to address Defendant Jones' argument that Plaintiff cannot recover compensatory or punitive damages pursuant to 42 U.S.C. § 1997e(e).  ECF No. 16 at 10-11.  Plaintiff has not requested monetary damages.

### B.  Violation of State Law

Defendant Jones argues that Plaintiff's challenge to the use of local institutional rules should be dismissed because the violation of state law is insufficient as a § 1983 claim.  ECF No. 16 at 7.  Defendant points out that the heart of Plaintiff's claim about the local rules is that they operate as invalid and unpromulgated administrative rules.  However, that claim is not a sufficient basis to state a claim.

It is well established that § 1983 "does not create a remedy for every wrong committed under the color of state law, but only for those that deprive a plaintiff of a federal right." Knight v. Jacobson, 300 F.3d 1272, 1275 (11th Cir. 2002)(quoted in March v. Dep't of Children and Families, No. 2:03cv162, 2006 WL 2644917 (M.D. Fla. Sept. 14, 2006)). It is also well settled that a violation of state law does "not give rise to a viable substantive due process claim." Lovins v. Lee, 53 F.3d 1208, 1211 (11th Cir. 1995) (citing Collins v. City of Harker Heights, Texas, 503 U.S. 115, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992)); *see also* Dean v. Escambia Cnty., No. 3:05cv29/LAC/MD, 2005 WL 927387 (N.D. Fla. Apr. 20, 2005) (holding that "[a]n alleged violation of a state statute does not give rise to a corresponding § 1983 violation, unless the right encompassed in the state statute is guaranteed under the United States Constitution."); McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994). Thus, even assuming that prison officials at Liberty Correctional Institution utilize "local institutional rules," those rules may not be challenged in this Court simply on the basis that they were not properly promulgated through Florida's administrative process. A violation of state law is not an appropriate basis for a federal civil rights claim. The motion to dismiss this claim should be granted.

### C. Rehabilitation Act Claim

Defendant Jones contends that Plaintiff did not sufficiently allege a Rehabilitation Act claim in his complaint because Plaintiff did not allege that the Department of Corrections receives federal funds. ECF No. 16 at 8. She further argues that "Plaintiff has not shown that he is a qualified individual with a disability nor has he shown that he has been 'excluded from participation in or . . . . denied the benefits of the services, programs, or activities of a public entity' as required by 42 U.S.C. § 12132.[3] ECF No. 16 at 8.

In response to the motion to dismiss, Plaintiff states that he "has not alleged a violation of the ADA." ECF No. 18 at 3. Moreover, he says that his "mention of the rehabilitation Act was to show its correlation with the equal protection" provisions of the Fourteenth Amendment. *Id.* It appears, therefore, that Plaintiff has abandoned a separate and distinct claim under

---

[3] The ADA statute provides: "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The Rehabilitation Act provides that [n]o otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a).

Case No. 4:16cv721-MW/CAS

the Rehabilitation Act. In light of Plaintiff's contention that this "reason for dismissal is erroneous," *id.*, the motion to dismiss Plaintiff's Rehabilitation Act claim should be denied. Plaintiff has voluntarily dismissed this claim.

### D. Equal Protection Claim

Defendant Jones argues that Plaintiff had not alleged a viable equal protection claim because he does not allege that other similarly situated prisoners have received more favorable treatment. ECF No. 16 at 9. Plaintiff alleged that prison staff cited to "local institutional rules" to justify their actions. ECF No. 4 at 8, 10-11. Plaintiff's complaint indicates that security reasons were provided as to the reason the power to his CPAP machine is turned off during the day. *Id.* at 4-7. One of the grievances Plaintiff submitted with his complaint reveals staff will turn off outlets for CPAP machines after 7:00 a.m. on weekdays and 9:00 a.m. on weekends and holidays as beds must be made by then. ECF No. 4 at 33, 35. Plaintiff has not alleged any other reason that staff have not provided an outlet for him to use during the day to take a nap while using his CPAP machine.

The Equal Protection Clause of the Fourteenth Amendment proclaims that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of laws." U.S. Const. amend. XIV, § 1. "To establish

an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally-protected interest, such as race." Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001) (quoted in Santiago-Lebron v. Florida Parole Com'm, 767 F. Supp. 2d 1340, 1349 (S.D. Fla. 2011)); *see also* Moore v. McLaughlin, 569 F. App'x 656, 659 (11th Cir. 2014)). Plaintiff's equal protection claim here is insufficient because he has not alleged that other similarly situated prisoners are provided more favorable treatment. Plaintiff does not claim that other prisoners are permitted to take naps and he is not. Rather, Plaintiff's claim is that he does not have access to an electrical outlet during the day so that he can use his CPAP machine for "off duty napping." *See* ECF No. 18 at 4.

He has made one conclusory allegation that "inmates with similar medical needs and CPAP machines have not had the power to their machines turned off." ECF No. 4 at 11. Plaintiff indicates in his response that those prisoners were residing in other dormitories. ECF No. 18 at 4. However, that allegation does not salvage this claim because the complaint does not provide any allegations which reveal that the alleged

discrimination was based on a constitutionally protected interest such as race. Instead, it appears that security concerns over having an active electrical outlet when inmates were awake were the reason that power was turned off. ECF No. 18 at 4-5. Therefore, the motion to dismiss the equal protection claim should also be granted because Plaintiff has not alleged that he is similarly situated to other prisoners who were intentionally treated more favorably based on a constitutionally protected interest.

### E.  Respondeat Superior

Finally, although not raised by the parties, it appears that Plaintiff's complaint is brought against the Secretary, but only for actions committed by other staff. Plaintiff's allegations indicate that security personal and prison staff were responsible for turning off the power to the electrical outlet near his bed. He alleged: "Security personnel and supervisory staff are direct employees of the DOC, while medical personnel and their supervisory staff are employees of various medical subcontractors to the DOC, and thus the DOC remains liable for their actions toward inmates." ECF No. 4 at 5. Plaintiff's allegations reveal that Secretary Jones has not been named as a Defendant because of a rule, policy, or practice that she enacted as Secretary. Rather, Plaintiff seeks to hold the Secretary liable

for the conduct of Department of Corrections' employees. That is not a proper basis for a § 1983 claim because a prison official cannot be named as a Defendant because she has supervisory authority over others. <u>Keating v. City of Miami</u>, 598 F.3d 753, 762 (11th Cir. 2010). The doctrine of respondeat superior or vicarious liability does not provide a basis for recovery under § l983. <u>Harvey v. Harvey</u>, 949 F.2d 1127, 1129 (11th Cir. 1992) (citing <u>Monell v. Dep't of Soc. Srvcs</u>, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)); *see also* <u>Collins v. City of Harker Heights</u>, 503 U.S. 115, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992); <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986). Thus, Plaintiff's claim against Defendant Jones should be dismissed because Plaintiff has not sufficiently alleged a viable claim for relief.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that the motion to dismiss, ECF No. 16, be **GRANTED** and Plaintiff's complaint, ECF No. 4, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and

Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on February 6, 2018.

   S/    Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**